UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
AT COVINGTON
Criminal Action No. 10-39-DCR-JGW-1
Civil Action No. 11-7191-DCR-JGW

UNITED STATES OF AMERICA                           PLAINTIFF

V.

JASON WEBB                                          DEFENDANT

### REPORT AND RECOMMENDATION

On November 17, 2011 defendant filed a pro se petition for habeas corpus under 28 U.S.C. §2255. Doc. 59. On November 21, 2011 the presiding district judge issued an order requiring defendant to show cause why his habeas petition should not be dismissed in light of the waiver provision in his plea agreement. Doc. 60. *See In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007) (holding that a defendant's "informed and voluntary waiver of the right to collaterally attack a conviction and sentence is enforceable.").

Defendant timely filed his show cause response on December 19, 2011. Doc. 61. Plaintiff filed a response on January 4, 2012. Doc. 64. Having considered the record and applicable law, I recommend that the waiver be enforced and the petition for habeas corpus be dismissed.

**Factual and Procedural History**

In June 2010, defendant was indicted on six methamphetamine-related charges. Doc. 1. On November 22, 2010, the presiding district judge approved the plea agreement in this action. Doc. 49, p. 7. The plea agreement called for defendant to plead guilty to count one of the indictment (conspiracy to manufacture 500 grams or more of methamphetamine) whereupon the

1

United States would move to dismiss the remaining counts of the indictment. *Id.* at p. 1. Defendant was sentenced to 150 months' imprisonment. Doc. 50.

Section eight of the plea agreement provides that "[t]he Defendant waives the right to appeal and the right to attack collaterally the guilty plea, conviction, and sentence." Doc. 49, p. 5. Nevertheless, defendant filed his §2255 petition alleging:

> (1) that his attorney was ineffective for failing to file a notice of appeal regarding certain aspects of his sentence; (2) that his attorney was ineffective for failing to challenge the government's drug quantity calculation attributed to him; and (3) that his attorney was ineffective for filing [sic] to object to the use of the 2009 edition of the United States Sentencing Guidelines rather that [sic] the 2010 version . . . in effect at the time of sentencing hearing."

Doc. 60, p.1. The presiding district judge then issued the show cause order at issue.

**Analysis**

The transcript of the rearraignment hearing clearly demonstrates that defendant was aware of all relevant portions of the plea agreement, including the waiver clause. During the rearraignment hearing, defendant told the Court that he understood the terms of his plea agreement and that he had discussed it with his attorney. Doc. 63, p. 8. During its oral summary of the plea agreement, the United States explicitly explained that the plea agreement required defendant to waive his right to appeal or collaterally attack his guilty plea, conviction and sentence. *Id.* at p. 11. Defendant admitted the United States had accurately summarized the terms of the plea agreement. *Id.* at p. 12. The Court also reminded defendant that the plea agreement's terms meant that he had waived the right to appeal or collaterally attack the guilty plea, conviction and sentence, and the Court asked defendant if he understood that waiver. *Id.* at p. 18. Defendant stated that he understood. *Id.* The written plea agreement, which defendant signed, also provides that "[t]he Defendant and his attorney acknowledge that the Defendant

understands this Agreement, that his attorney has fully explained this Agreement to him, and that his entry into this Agreement is voluntary." Doc. 49, p. 6. The plea agreement accordingly should be enforced as the record compels a conclusion that defendant knowingly and voluntarily waived his right to appeal or collaterally attack his guilty plea, conviction and sentence. *See, e.g., United States v. Calderon*, 388 F.3d 197, 200 (6th Cir. 2004) ("Each defendant testified at his plea hearing that he had reviewed the plea agreement with counsel, that he understood all of the agreement's provisions, and that his guilty plea was not coerced. On the record before us, therefore, we can only conclude that each defendant entered his plea agreement-and accepted the waiver of appellate rights contained therein-knowingly and voluntarily. It follows that the waivers are valid.").

A waiver of the right to file for post-conviction relief under §2255 is enforceable regarding claims of ineffective assistance of counsel, unless "the ineffective assistance of counsel claims relate directly to the plea agreement or the waiver." *Davila v. United States*, 258 F.3d 448, 451 (6th Cir. 2001). The three issues raised in defendant's §2255 petition do not relate directly to the validity (i.e., knowing and voluntary nature) of the plea agreement or the waiver clause. Instead, the second and third issues (failure to challenge drug quantity and usage of 2009 sentencing guidelines) relate to the calculation of defendant's sentence. As Magistrate Judge Wier concluded in a similar case, the first issue, counsel's purported failure to file a notice of appeal, "is also waived pursuant to the plea agreement. [Defendant] does not legitimately challenge the validity of the appellate waiver, and the provision specifically bars the right to appeal. Therefore, Defendant cannot premise a claim for relief on failure to appeal when [he] properly waived any appellate rights." *United States v. Cabrales-Peralta*, 2009 WL 1116330, at

3

*7 (E.D.Ky. April 24, 2009). *Accord United States v. Coleman*, 2010 WL 5173217, at *2 (E.D.Ky. Dec. 14, 2010).

In his response to the presiding district judge's show cause order, however, defendant for the first time contends that he was not advised by counsel of the "exact nature" of the waiver provision. Doc. 61, p.1-2. In addition, defendant contends the waiver provision should not be enforced because the Court did not adequately explain the waiver clause when accepting the guilty plea.

The transcript of the rearraignment hearing directly refutes both of petitioner's arguments. Defendant stated under oath that he had reviewed the plea agreement and discussed it with his attorney. *See* Doc. 63, p. 8.[1] The Court also engaged in a colloquy with defendant regarding the waiver provision. *See id.* at p. 18-19.[2] In fact, during that colloquy the Court

---

[1]THE COURT: Before signing these documents, did you have a chance to review each one?
THE DEFENDANT: Yes, sir, I did.
THE COURT: And did you discuss the documents with your attorney?
THE DEFENDANT: Yes, sir, Your Honor.
THE COURT: Do you feel that you understand the terms of your plea agreement and the supplement?
THE DEFENDANT: Yes, I do.

[2]THE COURT: There is some waiver language that is contained in your plea agreement. It's not unusual to have this in a plea agreement, but anytime it's present I do needed [sic] to review it with you. In your case, there are two paragraphs I would like to review as they relate to waivers, paragraph seven and eight. . . .
Then in paragraph eight you waive the right to appeal and the right to attack collaterally the guilty plea, conviction, and sentence in the case. Let me take just a moment to go through that last paragraph with you. But first let me make sure that you do understand that you have waived those provisions that I've just gone over with you. You understand that?
THE DEFENDANT: Yes, sir, I understand.
THE COURT: And do you understand that when you waive the right to collaterally attack something that means you're giving up the right to file a separate lawsuit to challenge it? You understand that?

asked defendant if he understood that waiving the right to file a collateral attack meant that he was "giving up the right to file a separate lawsuit to challenge" his plea, conviction and sentence, to which defendant responded that he did understand. *Id.* In addition to the Court's colloquy with defendant, the waiver language was orally discussed and summarized by the United States. *Id.* at p. 11-12.

Defendant's actual §2255 petition contains no allegations directly relating to the validity of the plea agreement, meaning that defendant's arguments regarding his purported lack of knowledge of the terms of the waiver provision are belated. Moreover, those allegations are directly contrary to the record. *See, e.g., Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977) ("the representations of the defendant, his lawyer, and the prosecutor at such a hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible."). I recommend therefore that defendant's §2255 petition be dismissed pursuant to the waiver provision contained in defendant's plea agreement.

**Recommendation**

For the foregoing reasons, defendant's §2255 petition should be **dismissed**.

Particularized objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service or further appeal is waived. *U.S.*

---

THE DEFENDANT: Yes, sir, I do.

*v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), *aff'd*, 474 U.S. 140, 155 (1985). A general objection that does not "specify the issues of contention" is not sufficient to satisfy the requirement of a written and specific objection. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)(citing *Howard v. Secretary of HHS*, 932 F.2d 505, 508-09 (6th Cir. 1991)). Poorly drafted objections, general objections, or objections that require a judge's interpretation should be afforded no effect and are insufficient to preserve the right of appeal. *Howard*, 932 F.2d at 509. A party may respond to another party's objections within fourteen days of being served with a copy of those objections. Fed. R. Civ. P. 72(b)(2).

This the 12th day of January, 2012.

Signed By:
J. Gregory Wehrman
United States Magistrate Judge